**Bob C. LEWIS, Appellant,**

v.

**COUNTY OF EL PASO, Appellee.**

**No. 6667.**

Court of Civil Appeals of Texas, El Paso.

Sept. 6, 1978.

---

1. All statutory references are to the Texas Rules of Civil Procedure unless otherwise noted.

Joseph (Sib) Abraham, Jr., Duane A. Baker, Charles Louis Roberts, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., Michael S. McDonald, Asst. County Atty., El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit for collection of fees of office brought by a Justice of the Peace against a County. Both parties sought summary judgment and the trial Court denied the motion of the Plaintiff and granted the summary judgment motion of the Defendant County. We affirm.

Article 1052, Tex.Code Crim.Proc.Ann., provides in part: " . . . Four Dollars ($4.00) shall be paid to the Justice of the Peace for each criminal action tried and finally disposed of before him. . . . The Commissioners Court shall not however pay any account or trial fees in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the County Attorney or his assistant, Criminal District Attorney or his assistant and the certificate of said Attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in their judgment there was sufficient evidence in said cause to demand a trial of the same." Appellant seeks to recover under this Statute for some 400 cases which he disposed of as Justice of the Peace. Some 400 individuals were arrested for picketing violations and, over a period of some six weeks, Plaintiff scheduled hearings for each of the defendants, and Plaintiff says in his affidavit attached to his motion for summary judgment: "The Defendants in the above cases duly appeared at the time and place set, but the County Attorney or his assistants failed to appear. Therefore, I called each case and ordered a dismissal in each case because of the nonappearance of any County Attorney."

The question presented is whether the dismissal of the cases entitles Appellant to payment under the above Statute. The only case deciding the question is an 1889 case by the then Court of Appeals of Texas entitled *Brackenridge v. State,* 27 Tex.App. 513, 11 S.W. 630. It was held, under Article 1075, predecessor to Article 1052 and having similar language, that a County Judge was not entitled to his fees, the Court saying:

"A county judge is entitled to demand and receive from the county the sum of three dollars for each criminal action

tried and finally disposed of before him. Id. art. 1075. He is not entitled to said fee in a case that is merely dismissed. A dismissal of a case is not a trial of it, within the meaning of the law. A dismissal of a case is to send it out of court without a trial upon any of the issues involved in it. It is a final disposition of that particular case, but not a trial of it. A final disposition of a case does not of itself entitle the county judge to the fee allowed by article 1075, supra. To entitle him to the fee, the case must have been tried and finally disposed of before him. He must both try and finally dispose of it. Such is the plain language of the statute."

Under the authority of that case and the Statute, Article 1052, we affirm the judgment of the trial Court.

▆ Appellant seeks to question the constitutionality of Article 1052, citing cases which hold that it deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of the court, the judge of which is paid only in the event of a conviction. Appellant is in no position to question the constitutionality of the Statute. He is not a defendant before such a judge and his constitutional rights are not in issue. The grievance complained of is not his. He is not denied recovery because of any unconstitutional provision of the Statute. Rather, he is denied recovery because he has not complied with the Statute and become eligible for payment thereunder in that he has not tried the cases for which he seeks payment.

The judgment of the trial Court is affirmed.